# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**FILED**

JUL 29 2013

PATRICK KEANEY
Clerk, U.S. District Court
By_____
Deputy Clerk

ARLUS EUGENE MORRISON, JR., )
)
Petitioner, )
)
v. ) Case No. CIV 10-119-RAW-KEW
)
MIKE ADDISON, Warden, )
)
Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, attacks his conviction in Pontotoc County District Court Case Number CF-2007-333 for Lewd Molestation of a Child Under Sixteen (Count 1), First Degree Rape (Count 3), Rape by Instrumentation (Count 5), and Child Sexual Abuse (Count 6). He alleges in his sole ground for relief that the waiver of his right to a jury trial was not clear, unambiguous, knowing, intelligent, and on the record:

> Absolutely no record exists to prove Mr. Morrison waived his right to a trial by jury. Even the "affidavits" submitted, over a year later, *all* cite that the judge, DA, and trial counsel "cannot remember the exact date . . ."--but they "know" it happened. The State and the Affiants would have the OCCA and this Honorable Court believe that no minutes were taken, no waiver was signed, not even a "Post-It" was placed in the Petitioner's file to document his waiver of such a significant and fundamental *right*. Such a "waiver" may not be lightly assumed. Waiver of a fundamental right *cannot* be presumed, or corrected, by a silent record. "I don't remember when, but I know he said it" would NEVER be acceptable as a defense, it should not be deemed so here, on an affidavit or not. Simply--NO record exists, because it never was done.

(Docket No. 1 at 3) (emphasis in original).

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

- A. Petitioner's direct appeal brief.
- B. The State's brief in petitioner's direct appeal.
- C. Motion to supplement the record on appeal with affidavits.
- D. Summary Opinion affirming petitioner's judgment and sentence. *Morrison v. State*, No. F-2008-1044 (Okla. Crim. App. Feb. 1, 2010).
- E. Transcript of petitioner's non-jury trial.
- F. Transcript of petitioner's sentencing hearing.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Sixth Amendment to the United States Constitution guarantees an accused the right to a trial by jury. Petitioner alleges, as he did on direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), that the record is silent with respect to his waiver of that right. A waiver cannot be presumed by a silent record, *Boykin v. Alabama*, 395 U.S. 238, 243 (1969), but the record of this issue was properly supplemented on direct appeal with

2

affidavits by the trial judge, petitioner's defense counsel, and the prosecutor. Defense counsel Jason Christopher's affidavit stated in pertinent part:

> 4. That a jury trial was scheduled for Arlus Eugene Morrison on the 24th day of June 2008.
>
> 5. That, after interviewing the victim in the District Attorney's office on April 23, 2008, I approached Assistant District Attorney James E. Tillison requesting that the State waive a jury trial and set Arlus Morrison for non-jury trial.
>
> 6. That I cannot remember the exact date of the appearance, but I appeared with Appellant in the District Court of Pontotoc County before the Honorable Thomas S. Landrith, and the State appeared by James E. Tillison.
>
> 7. That the appearance was prior to the June 24th trial date and I announced to the Court that Arlus Eugene Morrison desired to waive jury trial and set the matter for non-jury trial before Judge Landrith.
>
> 8. That in open court, the Honorable Thomas S. Landrith questioned Arlus Eugene Morrison about his desire to waive a jury trial and proceed to a non-jury trial before him, and that Arlus Eugene Morrison told Judge Landrith he understood his right to a jury trial, that he had discussed it with me and that he desired to waive his right to a jury trial.
>
> 9. That during the court appearance, I informed Judge Landrith that I had explained to Arlus Eugene Morrison his right to a jury trial, that he understood it and that he agreed that it was in his best interest to waive jury trial.
>
> 10. That apparently, no record of that court appearance was made.
>
> 11. That on the 23rd day of September 2008 the case was heard at non-jury trial before the Honorable Thomas S. Landrith having believed that we previously made a record waiving jury trial.

(Docket No. 10-4 at 5-6).

Judge Landrith's affidavit stated in pertinent part:

> 5. That I cannot remember the exact date of the appearance, but

Arlus Eugene Morrison appeared before me in the District Court courtroom of the Pontotoc County Courthouse before the Honorable Thomas S. Landrith, with his attorney Jason D. Christopher and the State of Oklahoma appeared by James E. Tillison.

6. That the appearance was prior to the June 24th, 2008, trial date and the Appellant, through Jason D. Christopher announced that he desired to waive jury trial and set the matter for non-jury trial before me. The main discussion after Defendant waived jury trial, was whether the state desired to waive jury.

7. That in open court, I questioned Arlus Eugene Morrison about his desire to waive a jury trial and proceed to a non-jury trial before me. I informed Arlus Eugene Morrison of his constitutional right to have a jury trial and informed him that in fact a trial date had been set. He stated that he understood. I asked Arlus Eugene Morrison if he had discussed the waiver of jury trial with his attorney and he answered that he had. I asked Jason Christopher if he explained the right to a jury trial to his client and if he understood. Jason Christopher responded that he had.

8. That I accepted the Appellant's waiver of jury trial, made a finding that Arlus Eugene Morrison knowingly and voluntarily waived his right to a jury trial and set the matter for a non-jury trial before me on the 27th day of August 2008.

9. That apparently, no record of that court appearance was made.

10. That the non-jury trial set for the 27th day of August 2008 was continued by agreement to the 23rd day of September 2008.

11. That recalling the Appellants' [sic] prior waiver of jury trial in open court, I announced on the record the Appellant's prior waiver and began the non-jury trial on the 23rd day fo September 2008.

(Docket No. 10-4 at 7-8). The affidavit by Pontotoc County Assistant District Attorney was consistent with the trial judge's and defense counsel's affidavits. (Docket No. 10-4 at 9-10). In addition, petitioner's September 23, 2008, non-jury trial began with the court's following announcement:

4

> THE COURT: This is CRF-07-333, State of Oklahoma versus Arlus Eugene Morrison, Jr. It comes on today for a non-jury trial, the Defendant having heretofore waived preliminary hearing and waived his right to a jury trial, and it comes on for trial on the amended felony Information that was filed November the 20th on six--six counts.

(Docket No. 10-6 at 2). There were no objections to the court's statement. *Id.*

The Oklahoma Court of Criminal Appeals denied relief on petitioner's claim:

> In his sole proposition of error, Appellant contends he should get a new trial because the record is silent regarding his waiver of jury trial. The State agrees that the record, as is currently before this Court, does not reflect Appellant's waiver of his right to a jury trial. However, pursuant to Rules 2.2(C) and 3.11, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2008), the State seeks to supplement the record with affidavits from defense counsel, the prosecutor and the trial judge memorializing that Appellant knowingly and voluntarily waived his right to a jury trial.
>
> An accused may waive his constitutional right to a jury trial, but only if there is a clear showing that such waiver was competently, knowingly and intelligently given. *Valega v. City of Oklahoma City*, 1988 OK CR 101, ¶ 5, 755 P.2d 118. A valid waiver of a jury trial requires the consent of the accused, the prosecutor and the trial judge. *Id.* Waiver of a fundamental right cannot be presumed from a silent record. *Id.* A record showing an intelligent, competent and knowing waiver of a fundamental right is mandatory. Anything less is not a waiver. *Id.*
>
> Having thoroughly reviewed the record, we find the supplemental materials presented by the State necessary for our determination of the issue and therefore grant the State's *Motion to Supplement the Record*. *See* Rule 3.11(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2008).
>
> The three sworn affidavits offered by the State are from the prosecutor, defense counsel, and trial judge. All three affidavits consistently state that Appellant appeared before the trial judge and voluntarily and intelligently waived his right to a jury trial. However, no record of that court appearance was made. The supplemental materials provide a sufficient record for us to determine that Appellant knowingly and voluntarily waived his right to a jury trial. Therefore, reversal of the convictions for a new trial is not warranted.

5

*Morrison v. State*, No. F-2008-1044, slip op. at 2-3 (Okla. Crim. App. Feb. 1, 2010) (footnote omitted).

The respondent alleges the OCCA's decision on petitioner's claim was not contrary to, or an unreasonable application of, established Supreme Court precedent. Petitioner's reply to the respondent focuses on the fact that the trial court record is silent on the issue of his waiver. He, however, does not deny the facts in the affidavits, which were part of the state appellate record, or the statement made by the trial judge at the beginning of his trial, which is part of the trial court's record. Instead, petitioner asserts that evidence does not meet the standards for an intentional waiver of a jury trial, as set by the Supreme Court.

Here, the court finds that, although the trial court's record is not complete, the affidavits prepared for the appellate record and the statement in the trial transcript are evidence of an informed waiver of a jury trial. "Neither . . . an oral colloquy, nor any other particular form of waiver, is required for a valid waiver [of a jury trial] as a matter of federal constitutional law." *Griggs v. Ray*, 118 Fed. Appx. 381, 383, 2004 WL 2757622, at *1 (10th Cir. 2004) (unpublished op.) (quoting *Fitzgerald v. Withrow*, 292 F.3d 500, 504 (6th Cir. 2002)). The record, therefore, is not "silent" as to whether he intelligently waived his right to a jury trial. Furthermore, petitioner has not alleged he misunderstood his waiver when it was made or when the court announced it at the commencement of trial. *Id.*

The court, therefore, finds that the decision by the OCCA was not contrary to, or an unreasonable application of Supreme Court law, and the decision was not based on an unreasonable determination of the facts as presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

**ACCORDINGLY,** the Magistrate Judge recommends that this action be, in all

respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

DATED this 29th day of July 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE